## Stephenson, Ex'r, *versus* Richardson.

A father devised to his daughter certain real estate for her sole and separate use, and " at her decease to descend in fee-simple to such of her children as she may direct in a writing signed by herself; the said property not to be subject to sale or mortgage during her life." The daughter by will directed the property to be sold by her executor and the proceeds to be distributed among certain of her children and grandchildren whom she designated by name: *Held*, that this was not a valid and sufficient execution of the power.

October 7th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 214.

Ejectment by William Richardson, Sr., against George K. Stephenson, executor of the will of Julia Richardson, deceased, to recover certain real estate in the city of Pittsburgh.

The father of Julia Richardson, David Logan, died in 1831, leaving a will, wherein he devised, inter alia, the property in dispute to his daughter " for her sole and separate use, not subject to the control of any husband she may have, but at her decease to descend, in fee-simple, to such of her children as she may direct in a writing signed by herself; the said property not to be subject to sale or mortgage during her life."

Julia Richardson died a widow in 1876, leaving ten children and a number of grandchildren, the issue of a deceased son, who died after the death of his grandfather. By her will she directed all her real estate, which consisted alone of that devised to her by her father, to be sold by her executor, and the proceeds to be paid to certain of her children and grandchildren whom she designated by name. The question was whether this direction to sell was a valid execution of the power contained in her father's will, and the court below, Ewing, P. J., being of the opinion that it was not, entered

[Stephenson v. Richardson.]

judgment for the plaintiff for an undivided one-ninth part of the land in controversy, from which judgment this writ was taken.

*G. W. Guthrie* and *A. G. Cochran*, for plaintiff in error.—The power conferred on Julia Richardson was not a mere power of selection, but a power to make such equitable provision for her children as she thought they deserved or required, and included the right to divide the property, or sell and divide the proceeds. In England a power to appoint land in fee may be well executed by a devise to trustees to sell, and an appointment of the proceeds among the objects of the power : Kenworthy v. Bate, 6 Ves. 793; Bullock v. Fladgate, 1 Ves. & B. 471 ; Fowler v. Cohn, 21 Beav. 360. If, however, she exceeded her power in directing the land to be sold and the proceeds divided, we contend that the power was well executed by the naming the children, and that each child would take an interest in the land equal to that which it would have received from the fund had the land been sold: 2 Wash. on Real Property 620, 621 ; 2 Sudg. on Powers 62, 75, 85, 93 ; Alexander v. Alexander, 2 Ves. Sr. 640 ; Crompe v. Barrow, 4 Ves. 681. If there was an excess of power in regard to the grandchildren, then the shares given to them would have to be divided among all her children, or among all those named in the will, according to their respective interests.

*W. C. Morland* and *Hampton & Dalzell*, for defendant in error.—The father of Julia Richardson devised *land* to such of her children as she might select. He gave no power to sell. The English cases have been so qualified by our Supreme Court that they can no longer govern our decisions: Boyd v. Bigham, 4 Barr 102; Wood's Est., 1 Id. 368 ; Horwitz v. Norris, 13 Wright 213; Wickersham v. Savage, 8 P. F. Smith 365; Appeal of the Fidelity Ins. Trust and Safe Deposit Co., 4 W. N. C. 265. The power must be considered as wholly unexecuted: Varrell v. Wendell, 20 N. H. 431.

The judgment of the Supreme Court was entered, October 14th 1878,

PER CURIAM.—We are of opinion that the will of Julia Richardson was not a valid and sufficient execution of the power contained in the will of David Logan, and that as a consequence the property devised to her, which, by the law as it then stood, was for life only, went, under the will of David Logan, to all her children, including, therefore, the children of Henry Richardson, her son, who died after the will of David Logan took effect, and in her lifetime. His children took his share as his heirs. But as there were eleven children, including Henry, the judgment must be modified to give the plaintiff one-eleventh instead of one-ninth. Judgment accordingly for the plaintiff, for the undivided one-eleventh of the premises in suit, and subject to this modification, the judgment is affirmed.